IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMIAH THURMAN,<br><br>Defendant. | 4:24CR3092<br><br>**FINDINGS, RECOMMENDATION, AND ORDER** |

This matter is before the Court on Defendant Jeremiah Thurman's motion to dismiss or compel election of charge. Filing No. 23. Thurman contends Counts I and II are multiplicitous and the Court should dismiss one of the counts or direct the Government to choose which count they wish to pursue. Filing No. 24. For the reasons stated below, the undersigned recommends Thurman's motion be denied.

BACKGROUND

On October 22, 2024, Thurman was charged in a two-count indictment. Filing No. 1. Count I charges Thurman with production of child pornography in violation of 18 U.S.C. § 2251(a). Count I further alleges Thurman has previously been convicted of an offense relating to sex abuse involving a minor under the laws of the State of Illinois in May 2011. Filing No. 1. Count II charges Thurman with being registered as a sex offender while committing a felony offense involving minors, as charged in Count I of the indictment in violation of 18 U.S.C. § 2260A. Filing No. 1.

1

In May 2011, Thurman was convicted of Predatory Criminal Sexual Assault of a Child in Warren County, Illinois. Filing No. 24-1. He was sentenced to 11 years in prison and ordered to register as a sex offender for life. Filing No. 24-1. Based on Thurman's prior conviction, the statutory penalty for a conviction under Count I increases from 15 to 30 years to 25 to 50 years. 18 U.S.C. § 2251(e).

## ANALYSIS

Thurman now argues that Count I and Count II are multiplicitous and violate the Double Jeopardy clause of the Constitution. Filing No. 24 at 3. In support, Thurman argues the Court should apply the test set out in *Blockburger* and conclude the two offenses contain the same elements and are in fact the same offense violating double jeopardy. *See Blockburger v. United States,* 284 U.S. 299 (1932).

An indictment is multiplicitous if it charges the same crime in separate counts. *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir.2005). "The primary problem is that the jury can convict on both counts, resulting in two punishments for the same crime in violation of the Double Jeopardy Clause of the Fifth Amendment." *United States v. Platter*, 514 F.3d 782, 785 (8th Cir. 2008) (citing *United States v. Ansaldi,* 372 F.3d 118, 124 (2d Cir. 2004)); *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (The Fifth Amendment guarantee against double jeopardy protects not only against a second trial for the same offense, but also against multiple punishments for the same offense). "Demonstrating that an indictment violates the double jeopardy clause requires the defendant to 'show that the two offenses charged are in law and fact the same offense.'" *United States v. Two Elk*, 536 F.3d 890, 898 (8th Cir. 2008).

If the same statutory offense is charged twice, the operative question, in determining whether the double jeopardy clause is violated, is "whether the facts underlying each count were intended by Congress to constitute separate units of prosecution." *Platter*, 514 F.3d at 785 (citing *Ansaldi*, 372 F.3d at 118). If Congress

2

intended to impose multiple punishments, imposition of such sentences does not violate the Constitution. *Albernaz v. United States*, 450 U.S. 333, 344 (1981). When Congress fails to establish the unit of prosecution "clearly and without ambiguity," a Court should resolve doubt as to congressional intent in favor of lenity for the defendant. *Bell v. United States*, 349 U.S. 81, 83–84 (1955).

Thus, the Court turns to Congress's intent regarding the relevant statutes— § 2251 and § 2260A. In doing so, the Court considers the "statutory language, legislative history, and statutory scheme to ascertain what Congress intended the unit of prosecution to be." *Chipps*, 410 F. 3d at 448. Considering the statutory language and statutory scheme, the Court concludes Congress intended multiple punishments for the two statutes charged in the Indictment.

Section 2260A, originally enacted as part of the Adam Walsh Child Protection and Safety Act of 2006, includes § 2251 as one of the enumerated offenses under which an additional 10 years of imprisonment be imposed. The statute specifically provides that the punishment "shall be consecutive" and "in addition to the imprisonment imposed for the offense under [section 2251]." 18 U.S.C. § 2260A. By its plain language, the penalty for a violation of 18 U.S.C. § 2260A is required to be an additional penalty to a violation of § 2251.

Moreover, at the time Section 2260A was enacted, the penalties outlined in § 2251 included enhanced sentences on persons with prior convictions for sexual exploitation of minors. *See* Protection of Children Against Sexual Exploitation Act of 1977, Pub.L. No. 95–225, § 2(a), 92 Stat. 7 (Feb. 6, 1978) codified at 18 U.S.C. § 2251(c). "Congress is presumed to have known of its former legislature and to have passed new laws in view of the provisions of the legislation already enacted." *United States v. Hanousek*, 176 F.3d 1116, 1121 (9th Cir. 1991); *see also Cannon v. University of Chicago*, 441 U.S. 677, 696-97 (1979) (It is appropriate for courts to assume that our elected representatives know the law.); *Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in

3

one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (cleaned up)). Congress passed § 2260A and specifically imposed another additional penalty while knowing § 2251 included an enhanced penalty for individuals with certain prior convictions. This is further supported by the fact that the Adam Walsh Child Protection and Safety Act of 2006 actively updated the penalty provisions of § 2251. Adam Walsh Child Protection and Safety Act of 2006, PL 109-248, 120 Stat 587 (2006). Therefore, the language of § 2260A clearly expresses Congress's intent to impose further punishment on persons already subject to the prior-conviction enhancement under § 2251(e). *See United States v. Shouse*, No. CR 12-71-GF-DLC, 2015 WL 150237, at *5 (D. Mont. Jan. 12, 2015).

Additionally, while the Court does not give it significant weight, this reading is consistent with the legislative history behind 18 U.S.C. § 2260A which was passed as part of the Adam Walsh Child Protection and Safety Act. *See* Adam Walsh Child Protection and Safety Act of 2006, PL 109-248, 120 Stat. 587 (2006). The Adam Walsh Child Protection and Safety Act of 2006 was enacted "to protect children from sexual exploitation and violent crime, to prevent child abuse and child pornography, to promote Internet safety, and to honor the memory of Adam Walsh and other child crime victims." *Id*. As discussed at length in the congressional record, Congress attempted to increase safety of children through, among other things, new penalties for child exploitation enterprises and repeat sex offenders. 152 Cong. Rec. 75 (2006).

Finally, Thurman contends the Court should employ the *Blockburger* test because the legislative intent is not readily apparent. Filing No. 24 at 3. But the *Blockburger* test is a "rule of statutory construction," and because it serves as a means of discerning congressional purpose "the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent."

*Albernaz*, 450 U.S. at 340.; *Missouri v. Hunter*, 459 U.S. 359, 368–69 (1983) (The double jeopardy clause does not preclude cumulative punishments even where two criminal statutes proscribe the same conduct under the *Blockburger* test where the will of Congress is clear.); *United States v. Allen*, 247 F.3d 741, 767 (8th Cir.2001) *vacated on other grounds*, 536 U.S. 953 (2002)("imposition of multiple punishments for the same underlying circumstances does not violate the Constitution as long as Congress intended it"); *United States v. Honken*, 541 F.3d 1146, 1156 n. 10 (8th Cir. 2008) (same). Here, the Court finds Congress's legislative intent was clear. Therefore, the Court need not consider Thurman's arguments under *Blockburger*.

For the foregoing reasons, the Court finds Count I and Count II of the Indictment are not multiplicitous and recommends Thurman's motion to dismiss or compel election of charge be denied in its entirety.

IT HEREBY IS RECOMMENDED to the Honorable Susan M. Bazis, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to dismiss or compel election of charge, Filing No. 23, be denied.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

FURTHER, IT HEREBY IS ORDERED:

The telephone conference currently scheduled for April 21, 2025, at 10:00 A.M. before the undersigned magistrate judge is continued pending further order of the Court.

Dated this 9th day of April, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge