IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:24CR3092 |
| vs. | |
| JEREMIAH THURMAN, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the defendant's Motion to Dismiss or Compel Election of Charge (Filing No. 23), the Magistrate Judge's Findings, Recommendation, and Order (Filing No. 28) recommending that the motion be denied, and the defendant's Statement of Objections to the Findings and Recommendation (Filing No. 31). The Court will overrule the defendant's objections, adopt the Findings and Recommendation, and deny the motion.[1]

None of the arguments in the defendant's Statement of Objections are availing. His first is that "[t]here is no indication that Congress intended a person be dually punished as a habitual offender under 18 U.S.C. §2251(a) and be given an additional ten years under 18 U.S.C. § 2260A using the same prior conviction." (Filing No. 31 at 4). The Court disagrees. The Magistrate Judge correctly found that Congress "intended to authorize multiple punishment" under these circumstances. *Albernaz v. United States*, 450 U.S. 333, 340-41 (1981).

---

[1] The defendant's motion seeks dismissal of one charge or to "compel the prosecution to elect which charge with wish to pursue." (Filing No. 23 at 1). Accordingly, this is a dispositive matter, and the Court has considered the defendant's objections to the Findings and Recommendation de novo. *See* Fed. R. Civ. P. 59(b)(2), (b)(3); 28 U.S.C. § 636(b)(1).

Start with the text of § 2260A. The statute provides that "[w]hoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section . . . 2251 . . . shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision." *Id.* And the sentence imposed under § 2260A "shall be consecutive to any sentence imposed for the offense under [§ 2251]." *Id.* That language leaves no doubt that Congress sought to impose "multiple punishment" for violations of § 2251 and § 2260A—as the Magistrate Judge noted, "the penalty for a violation of 18 U.S.C. § 2260A is *required* to be an additional penalty to a violation of § 2251." (Filing No. 28 at 3) (emphasis added); *see also United States v. Shouse*, 2015 WL 150237, at *5 (D. Mont. Jan. 12, 2015).

A canon of statutory construction further supports that conclusion. The provision of § 2251 imposing enhanced penalties on persons with prior convictions for sexual exploitation of minors was enacted in 1978. *See* Protection of Children Against Sexual Exploitation Act of 1977, Pub.L. No. 95–225, § 2(a), 92 Stat. 7 (Feb. 6, 1978), codified at 18 U.S.C. § 2251(c). The Court "assume[s]" Congress knew of that provision when it enacted § 2260A around thirty years later, which—as explained above—imposes an *additional* ten-year term of imprisonment for violating § 2251 when the offender is required to register as a sex offender by state or federal law. *Albernaz*, 450 U.S. at 341.

Thus, the Magistrate Judge correctly concluded that "the language of § 2260A clearly expresses Congress's intent to impose further punishment on persons already subject to the prior-conviction enhancement under § 2251(e)." (Filing No. 28 at 4). There is therefore no multiplicity or double jeopardy problem here, because "imposition of multiple punishments for the same underlying circumstances does not violate the Constitution as long as Congress intended it." *United States v. Honken*, 541 F.3d 1146, 1156 n.10 (8th Cir. 2008).

The defendant then faults the Magistrate Judge for relying on "simple statutory construction cases that d[o] not involve the double jeopardy concern found in this case." (Filing No. 31 at 4-5); *see United States v. Hanousek,* 176 F.3d 1116 (9th Cir. 1991). That argument is meritless. "[T]he ultimate question of whether defendant is being twice charged with the same offense is one of legislative intent, to be ascertained from *all the usual tools of statutory construction*." 1A Andrew D. Leipold, *Federal Practice and Procedure (Wright & Miller)* § 143

(5th ed. 2025) (emphasis added); *see also United States v. Fool Bear*, 903 F.3d 704, 707 (8th Cir. 2018) ("[D]etermining whether multiple punishments for the same offense violate the Double Jeopardy Clause is a matter of ascertaining legislative intent.") (citation omitted). The Magistrate Judge therefore did not err in employing a "usual tool" of construction[2] to ascertain Congress's intent in addition to examining § 2260A's text.

Finally, the defendant argues that the Court must apply the "*Blockburger* test"[3] because "it is ambiguous whether Congress intended multiple punishments based on the same prior conviction." (Filing No. 31 at 5); *see Blockburger v. United States*, 284 U.S. 299 (1932). The Court again disagrees. Resort to the *Blockburger* test is only necessary if Congress's intent "is not readily apparent[.]" *Fool Bear,* 903 F.3d at 707. "Where there is a clear indication that Congress intended to impose multiple punishments, the *Blockburger* test is inapplicable." *United States v. Anderson,* 783 F.3d 727, 739 (8th Cir. 2015); *see Albernaz,* 450 U.S. at 340 (explaining that *Blockburger* is "not . . . controlling where, for example, there is a clear indication of contrary legislative intent.").

Such is the case here. There is a "clear indication" of Congress's intent for the reasons explained above. Both the text and legislative history of § 2260A show that Congress intended separate punishments for the predicate violation of § 2251 and for the violation of § 2260A. The *Blockburger* test is therefore "inapplicable." *Anderson,* 783 F.3d at 739. And even if the charges against the defendant "flunk[ ] the *Blockburger* test" as he says they do, the outcome would not change. (Filing No. 31 at 5) (quoting *United States v. Gries,* 877 F.3d 255, 259 (7th Cir. 2017)). "[W]here there is clear evidence of legislative intent, multiple sentences are possible even though

---

[2] The Supreme Court itself applied the canon of construction the Magistrate Judge relied on—that courts should "assume that our elected representatives ... know the law"—in a case that raised double jeopardy and multiplicity issues. *Albernaz,* 450 U.S. at 341 (quoting *Cannon v. University of Chicago*, 441 U.S. 677, 696–697 (1979)).

[3] In applying the *Blockburger* test, courts "ask whether each [charged offense] requires proof of a fact which the other does not." *Anderson*, 783 F.3d at 739 (quoting *Blockburger*, 284 U.S. 299 at 304).

a *Blockburger* analysis would indicate otherwise." *United States v. McLaughlin*, 164 F.3d 1, 8-9 (D.C. Cir. 1998). Accordingly,[4]

**IT IS ORDERED:**

1. The defendant's Statement of Objections to the Magistrate Judge's Findings and Recommendations (Filing No. 31) is overruled.
2. The Magistrate Judge's Findings, Recommendation, and Order (Filing No. 28) is adopted.
3. The defendant's Motion to Dismiss or Compel Election of Charge (Filing No. 23) is denied.
4. This matter will be set for trial by separate order.

Dated this 6th day of June, 2025.

BY THE COURT:

Susan M. Bazis
United States District Judge

---

[4] The defendant also raises arguments about the "appropriate remedy" for a multiplicitous indictment. (Filing No. 31 at 6-8). The Court need not reach them because, as explained above, the indictment here is not multiplicitous.